**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICIA REYES-AGUILAR and EDWARD AGUILAR, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | )<br>)<br>) |
| BANK OF AMERICA, N.A. (aka BAC HOME LOANS SERVICING, LP), and DOES 1 through 50, inclusive, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>)<br>) |

Case No. 12-3100-SC

ORDER GRANTING MOTION TO DISMISS

## I.   INTRODUCTION & BACKGROUND

Plaintiffs Tricia Reyes-Aguilar and Edward Aguilar ("Plaintiffs") bring this action in connection with alleged acts and omissions occurring at the origination of their refinanced home loan. ECF No. 1 ("Not. of Removal") Ex. A ("Compl."). Specifically, Plaintiffs allege that Defendant Bank of America, N.A. ("Defendant" or "BofA") -- or one of its predecessors-in-interest -- induced them to accept an "unsuitable and risky loan" by, among other things, failing to "clearly and conspicuously" disclose how much and how soon their interest rate and monthly

**United States District Court**
For the Northern District of California

1   payments would increase after their teaser rate expired.   Id. ¶ 15.

2   Plaintiffs assert five causes of action: (1) constructive fraud;

3   (2) violations of the California Unfair Competition Law ("UCL"),

4   (3) negligent infliction of emotional distress, (4) unjust

5   enrichment, and (5) quiet title.

6         Defendant removed this action to federal court on diversity

7   grounds and now moves to dismiss the complaint in its entirety.

8   Not. of Removal; ECF No. 5 ("MTD").   The Motion is fully briefed.

9   ECF No. 13 ("Opp'n"), 14 ("Reply").   The Court finds this matter

10  appropriate for determination without oral argument.   For the

11  reasons set forth herein, the Court GRANTS the Motion and DISMISSES

12  the Complaint WITH LEAVE TO AMEND.

13

14  **II.   DISCUSSION**

15        **A.   Legal Standard for Motions to Dismiss**

16        A motion to dismiss under Federal Rule of Civil Procedure

17  12(b)(6) "tests the legal sufficiency of a claim."   Navarro v.

18  Block, 250 F.3d 729, 732 (9th Cir. 2001).   "Dismissal can be based

19  on the lack of a cognizable legal theory or the absence of

20  sufficient facts alleged under a cognizable legal theory."

21  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

22  1988).   "When there are well-pleaded factual allegations, a court

23  should assume their veracity and then determine whether they

24  plausibly give rise to an entitlement to relief."   Ashcroft v.

25  Iqbal, 556 U.S. 662, 664 (2009).   However, "the tenet that a court

26  must accept as true all of the allegations contained in a complaint

27  is inapplicable to legal conclusions.   Threadbare recitals of the

28  elements of a cause of action, supported by mere conclusory

**United States District Court**
For the Northern District of California

1  statements, do not suffice." <u>Id.</u> at 663 (citing <u>Bell Atl. Corp. v.</u>
2  <u>Twombly</u>, 550 U.S. 544, 555 (2007)).  The allegations made in a
3  complaint must be both "sufficiently detailed to give fair notice
4  to the opposing party of the nature of the claim so that the party
5  may effectively defend against it" and "sufficiently plausible"
6  such that "it is not unfair to require the opposing party to be
7  subjected to the expense of discovery." <u>Starr v. Baca</u>, 633 F.3d
8  1191, 1204 (9th Cir. 2011).

9      **B.**    <u>**The Origination of Plaintiffs' Loan**</u>

10      Defendant's lead argument is that each of Plaintiffs' claims
11  fail because BofA was not the originating lender on Plaintiffs'
12  loan.  <u>See</u> MTD at 3-4.  Defendant asks the Court to take judicial
13  notice of the Deed of Trust securing Plaintiffs' promissory note,
14  which states that the lender is Quality Home Loans.  ECF No. 5
15  (Request for Judicial Notice ("RJN")) Ex. A.  The Court may take
16  judicial notice of the Deed of Trust as it is a public document,
17  its contents are "not subject to reasonable dispute," and
18  Plaintiffs rely on the document in their Complaint.  <u>See</u> Fed. R.
19  Ev. 201; <u>Shaterian v. Wells Fargo Bank, N.A.</u>, 829 F. Supp. 2d 873,
20  877 n.2 (N.D. Cal. 2011) (taking judicial notice of a deed of
21  trust).  However, at the pleading stage, the Court is not prepared
22  to find that BofA and its predecessors-in-interest are unrelated to
23  Quality Home Loans or are otherwise strangers to Plaintiffs' loan
24  based on the Deed of Trust alone.  Thus, the Court declines to
25  dismiss the Complaint on these grounds.  Nevertheless, the Court
26  notes that Plaintiffs' allegations regarding BofA's relationship to
27  the subject loan could be improved.  Accordingly, Plaintiffs'
28

1   amended complaint should specifically allege BofA's relationship to

2   the origination of Plaintiffs' loan.

3           **C.    <u>Statute of Limitations</u>**

4           Defendant also moves to dismiss Plaintiffs' claims for fraud,

5   violations of the UCL, and negligent infliction of emotional

6   distress as time-barred.  MTD at 4, 6.  The statute of limitations

7   for fraud claims is three years, Cal. Code Civ. Proc. § 338(d), the

8   statute of limitations for UCL claims is four years, Cal. Bus. &

9   Prof. Code § 17208, and the statute of limitation for claims for

10  negligent infliction of emotional distress is two years, Cal. Code

11  Civ. Proc. § 335.1.  Defendant argues that these statutes of

12  limitations have run since Plaintiffs allege that their loan

13  originated in 2006 and they did not file this suit until 2012.  MTD

14  at 4, 6.  Plaintiffs argue that it is unfair to allow Defendant to

15  argue that the limitations period has expired because Plaintiffs

16  did not discover the harm until 2012.  Opp'n at 1.

17          Plaintiffs appear to be trying to invoke California's

18  "discovery rule," which delays the accrual of a cause of action

19  until a plaintiff either became aware of the injury and its cause

20  or could have discovered the injury and cause through reasonable

21  diligence.  <u>See</u> <u>Fox v. Ethicon Endo-Surgery, Inc.</u>, 35 Cal. 4th 797,

22  807-08 (Cal. 2005).  In order to rely on the discovery rule, "[a]

23  plaintiff whose complaint shows on its face that his claim would be

24  barred without the benefit of the discovery rule must specifically

25  plead facts to show (1) the time and manner of discovery and (2)

26  the inability to have made earlier discovery despite reasonable

27  diligence."  <u>Id.</u> at 808 (internal quotation omitted).

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    As pled, the Complaint clearly fails to satisfy either of the

2   elements of the discovery rule.  Accordingly, Plaintiffs cannot

3   state claims for fraud, violations of the UCL, or negligent

4   infliction of emotional distress.  Those claims are hereby

5   DISMISSED.  The Court GRANTS Plaintiffs leave to amend to

6   specifically allege the time and manner of the discovery of

7   Defendant's alleged misconduct, as well as their inability to have

8   made an earlier discovery.

9       **D.    Fraud**

10    Defendant argues that Plaintiffs' fraud claim fails for the

11  additional reason that it is pled with insufficient particularity.

12  Rule 9(b) of the Federal Rules of Civil Procedure requires that

13  fraud be pled "with particularity," meaning that the plaintiff must

14  allege "'the who, what, when, where, and how' of the misconduct

15  charged."  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106

16  (9th Cir. 2003).  Plaintiffs respond that the requirement of

17  specificity in a fraud claim is relaxed when the allegations

18  establish that "the defendant must necessarily possess full

19  information concerning the facts of the controversy."  Opp'n at 2

20  (quoting Bradley v. Hartford Acc. & Indem. Co., 30 Cal. App. 3d

21  818, 825 (Cal. Ct. App. 1973)).  As Defendant points out, it is not

22  clear from the Complaint that Defendant solely possessed the

23  relevant facts here as Plaintiffs have not specifically pled BofA's

24  role in the origination of their loan.  Accordingly, consistent

25  with Rule 9(b), Plaintiffs' amended complaint should plead the

26  "who, what, when, where, and how" of the misconduct charged.

27  ///

28  ///

**United States District Court**
For the Northern District of California

1    **E.    UCL Violations**

2        The UCL prohibits any business act or practice which is: (1)

3    unlawful, (2) unfair, or (3) fraudulent.  Cal. Bus. & Prof. Code §

4    17200.  Defendant argues that Plaintiffs' UCL claim is

5    insufficiently pled because Plaintiffs have not alleged the

6    specific rubric under which the alleged misconduct falls.  MTD at

7    7.  Plaintiffs do not offer a coherent response to this argument

8    and the Court finds that it has merit.  Accordingly, Plaintiffs'

9    amended complaint should specifically identify which prong(s) of

10   the UCL Defendant allegedly violated and provide specific factual

11   allegations supporting each alleged violation.

12       **F.    Negligent Infliction of Emotional Distress**

13       Defendant argues that Plaintiffs' claim for negligent

14   infliction of emotional distress is also insufficiently pled.

15   Specifically, Defendant contends that Plaintiffs failed to plead

16   facts that would establish that Defendant owed them some type of

17   duty.  Under California law, a financial institution "owes no duty

18   of care to a borrower when the institution's involvement in the

19   loan transaction does not exceed the scope of its conventional role

20   as a mere lender of money."  Nymark v. Heart Fed. Savs. & Loan, 231

21   Cal. App. 3d 1089, 1096 (Cal. Ct. App. 1991).  Here, Plaintiffs

22   have not pled how Defendant stepped out of its conventional lending

23   role.  Indeed, it is not clear from the Complaint what role

24   Defendant or its predecessors-in-interest had in originating

25   Plaintiffs' loan.  To state a claim for negligent infliction of

26   emotional distress, Plaintiffs' amended complaint should include

27   additional factual allegations concerning BofA's involvement in the

28   loan transaction.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### G.   Quiet Enrichment

Defendant argues that Plaintiffs' claim for unjust enrichment fails because BofA was not the originating lender on Plaintiffs' loan.  MTD at 9.  This argument is addressed in Section II.B *supra*.[1]  Plaintiffs' unjust enrichment claim is DISMISSED with leave to amend.

### H.   Quiet Title

Finally, Defendant moves to dismiss Plaintiffs' claim for quiet title on the ground that Plaintiffs do not allege that they have tendered or have offered to tender the outstanding balance on the subject loan or that they have the ability to do so.  MTD at 10.  Plaintiffs argue that the court should waive the tender requirement since it would be inequitable in these circumstances.  Opp'n at 4.  While California courts have not required tender where it would be inequitable to impose such a condition, see Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 113 (Cal. Ct. App. 2011), Plaintiffs have not pled sufficient facts to invoke this exception to the tender rule here, cf. Humboldt Sav. Bank v. McCleverty, 161 Cal. 285, 291 (Cal. 1911) (finding that it would be inequitable to require defendant to pay a debt of $57,000, for which she was in no way liable, to attack the sale of her $5,000 homestead).  To the extent that Plaintiffs are arguing that the tender requirement should be waived because their debt was induced by fraud, they have also failed to allege sufficient facts.  See Section II.D supra. Plaintiffs' amended complaint should either allege their

---

[1] Defendant argues that Plaintiffs' unjust enrichment also fails because it is not part of a "quasi-contract claim."  MTD at 9.  The Court declines to address this argument since the only authority Defendant offers in support of it either does not exist or is incorrectly cited in Defendant's brief.

willingness and ability to tender or allege sufficient facts to invoke one of the exceptions to the tender rule.

### III. **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant BofA's motion to dismiss.  The Court DISMISSES WITH LEAVE TO AMEND each of the claims set forth in Plaintiffs Tricia Reyes-Aguilar and Edward Aguilar's Complaint.  As Defendant has yet to foreclose on Plaintiffs' property and Plaintiffs have expressed an interest in a loan modification, this dispute may be better resolved by the parties.  Accordingly, the Court directs the Clerk of the Court to refer this matter to court-sponsored mediation.  If the parties fail to reach an agreement within ninety (90) days of this Order, Plaintiffs shall file an amended complaint consistent with the guidance set forth above.  Failure to do so will result in dismissal of this action with prejudice.

IT IS SO ORDERED.

Dated:  September 14, 2012

UNITED STATES DISTRICT JUDGE